FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2013 JAN 28 PM 2: 37

CASE NO.

MARIA TREZZA,

Plaintiff,

6:13-CV-157-ORL-28-DAB

v.

CAC FINANCIAL CORP.,
PROGRESSIVE FINANCIAL
SERVICES, INC., and UNITED
COLLECTION BUREAU, INC.,

Defendants.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this District, Plaintiff resides in this District, and Defendants transact business in this District.

### PARTIES

4.     Plaintiff, Maria Trezza ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Brevard, and City of Palm Bay.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

6. Defendant, CAC Financial Corp. ("CAC"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and of attempting to collect a "consumer debt" from Plaintiff, as defined by the FCCPA.

7. Defendant, Progressive Financial Services, Inc. ("Progressive"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and of attempting to collect a "consumer debt" from Plaintiff, as defined by the FCCPA.

8. Defendant, United Collection Bureau, Inc. ("UCB"), is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and of attempting to collect a "consumer debt," as defined by the FCCPA.

9. CAC, Progressive, and UCB (Collectively, "Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor, other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. In connection with the collection of an alleged debt in default, CAC, by and through its agent and/or employee, placed a call to Plaintiff's residence on May 8, 2012.

14. During the May 8, 2012 telephone call, CAC's agent and/or employee attempted to collect an alleged consumer debt from Plaintiff.

15. During the May 8, 2012 conversation, Plaintiff stated to CAC's agent and/or employee that she does not owe CAC an alleged consumer debt, as all of Plaintiff's bills were current.

16. Further, during the May 8, 2012 conversation, Plaintiff orally demanded that CAC cease and desist from placing any and all future calls to Plaintiff.

17. Despite Plaintiff's cease and desist demand, CAC placed calls to Plaintiff's residence, including, but not limited to, calls placed on the following dates:

- May 29, 2012; and
- July 5, 2012.

18. In connection with the collection of an alleged debt in default, Progressive placed a call to Plaintiff's residence on May 9, 2012, and at such time, Plaintiff orally demanded that Progressive cease and desist from placing any and all further calls to Plaintiff.

19. Despite Plaintiff's cease and desist demand, Progressive placed calls to Plaintiff's residence, including, but not limited to, calls placed on the following dates:

- May 18, 2012;
- May 18, 2012;
- May 18, 2012;
- May 28, 2012; and
- June 28, 2012.

20. In connection with the collection of an alleged debt in default, UCB by and through its agent and/or employee "Jamie," placed a call to Plaintiff's residence on July 11, 2012, and at such time, Plaintiff orally demanded that UCB cease and desist from placing any and all further calls to Plaintiff.

21. Despite Plaintiff's cease and desist demand, UCB placed calls to Plaintiff's residence, including, but not limited to, calls placed on the following dates:

- July 12, 2012;
- July 16, 2012; and
- July 17, 2012.

22. Defendants placed calls with the intent to harass Plaintiff by continuing to call despite Plaintiff's cease and desist demands.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d
## CAC

23. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22.

24. CAC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CAC violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF FLA. STAT. § 559.72(7)
## CAC

25. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22, above.

26. CAC violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, with such frequency as would reasonably be expected to harass Plaintiff, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiff.

27. As a result of CAC's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

5

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692d
### PROGRESSIVE

28. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22, above.

29. Progressive violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Progressive violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV
### VIOLATION OF FLA. STAT. § 559.72(7)
### PROGRESSIVE

30. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22, above.

31. Progressive violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, with such frequency as would reasonably be expected to harass Plaintiff, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiff.

32. As a result of Progressive's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) All actual compensatory damages suffered;

   b) Emotional and/or mental anguish damages;

   c) Statutory damages of $1,000.00;

   d) Plaintiff's attorneys' fees and costs; and

   e) Any other relief deemed appropriate by this Honorable Court.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692d
## UCB

33. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22, above.

34. UCB violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that UCB violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(7)
## UCB

35. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 22, above.

36. UCB violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, with such frequency as would reasonably be expected to harass Plaintiff, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiff.

37. As a result of UCB's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs; and

    e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

38.  Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 24th day of January 2013.

MARIA TREZZA

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

MARIA TREZZA,

    Plaintiff,

v.

CAC FINANCIAL CORP.,
PROGRESSIVE FINANCIAL
SERVICES, INC., and UNITED
COLLECTION BUREAU, INC.,

    Defendants.
_____/

    Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of Florida, Maria Trezza, who, after being duly sworn, deposes and states that the facts contained in the foregoing Complaint, as filed with the United States District Court for the Middle District of Florida, are true and correct based upon personal knowledge.

*[signature]*      Dated: 1/15/13
Maria Trezza

SUBSCRIBED and SWORN TO before me this 15 day of January, 2013.

*[signature]*
Notary Public

> MICHELLE RIVERA
> Notary Public - State of Florida
> My Comm. Expires Jun 1, 2015
> Commission # EE 99343

Print, type, or stamp commissioned name of Notary Public

10